UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERMAINE D. HUNTER #242663,

    Plaintiff,

v.

KENT CUSTIN, et al.,

    Defendants.
_____/

Case No. 1:15-CV-593

HON. GORDON J. QUIST

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Jermaine D. Hunter, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the eight remaining Defendants took his typewriter, assaulted him, and retaliated against him. On March 6, 2020, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. (ECF No. 153.) Judge Kent recommended that "this case proceed to trial with the following claims: (1) defendant Dusenbery refused to process plaintiff's 'emergency' grievance related to the March 15th incident; (2) defendant Lincoln assaulted plaintiff on February 14th; (3) defendant Lincoln assaulted plaintiff on March 15th; and, (4) defendant Gilkie refused to process plaintiff's 'emergency' grievance on March 19th." (ECF No. 153 at PageID.962.)

Plaintiff has filed objections (ECF No. 159), and a motion to correct a typographical error in his objections (ECF No. 161). Plaintiff has also requested a preliminary injunction and a restraining order against various MDOC employees. (ECF No. 145.) The Court addresses each in turn.

#### ANALYSIS

I. **Motion to Correct Typographical Errors**

Before addressing the merits of Plaintiff's objections, the Court will address Plaintiff's motion to correct typographical errors in his objections. (ECF No. 161.) In this motion, Plaintiff explains that he mistakenly identified the wrong defendant in paragraph 7 and the wrong date in paragraph 12 of his objections. Plaintiff's motion is granted. The Court will consider the objections with the corrections as noted by Plaintiff.

II. **Objections to Report and Recommendation**

Plaintiff makes six objections to the R & R.[1] Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R. should be adopted in part and rejected in part.

Objection 1: Meagher and Rykse

Plaintiff objects to the magistrate judge's recommendation to grant summary judgment to Meagher and Rykse because they lacked the requisite personal involvement. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The magistrate judge found that Meagher's and Rykse's sole involvement in the alleged constitutional violation arose from their failures to investigate Plaintiff's complaints during the grievance process.

---

[1] Some of the objections have multiple subparts.

Plaintiff argues that Meagher and Rykse did more than deny his grievances. Plaintiff alleges that on February 15, 2012, he spoke to Rykse about the problems he was having with Defendant Lincoln. In response, Rykse insisted that Plaintiff sign off on the grievance. When Plaintiff refused, Rykse became angry and refused to document Plaintiff's complaints in writing. Similarly, Plaintiff alleges that on February 22nd, he raised his concerns regarding Defendant Lincoln to Meagher. Meagher assured Plaintiff that she would "look into it and get back [to him]" but never did. (ECF No. 1 at PageID.19.) Plaintiff claims that as a direct result of Meagher's and Rykse's failures to act and investigate his complaints, Defendant Lincoln assaulted him on March 15th.

This is a close call, but the Court will overrule Plaintiff's objection. The claims against Meagher and Rykse stem from their roles in the grievance process. Meagher was the "Reviewer" on one of Plaintiff's grievances, and Rykse was the "Respondent" on two of Plaintiff's grievance. Plaintiff is unhappy with how Rykse and Meagher responded to his complaints—either denying his grievance or failing to act and investigate his complaints. However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300); *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir.1991) ("If any one [defendant] is to be held liable, it must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants.").

### Objection 2: Dusenbery

Plaintiff objects to the magistrate judge's recommendation to grant summary judgment to Dusenbery on the claims related to the February 14th assault because she lacked the requisite

3

personal involvement. The magistrate judge found that Dusenbery's sole involvement in the alleged constitutional violation arose from her failure to investigate Plaintiff's complaints.

To the extent that Plaintiff objects to the magistrate judge's personal involvement finding, the Court will overrule the objection. Similar to the claims against Meagher and Rykse, Plaintiff's claims against Dusenbery arise from her failure to adequately investigate a grievance. *See Shehee*, 199 F.3d at 300.

Plaintiff also objects that the magistrate judge "erred by disregarding and/or failing to analyze Plaintiff's retaliation claims against Dusenbery." (ECF No. 159 at PageID.978.) In its screening Opinion, the Court failed to describe the contours of Plaintiff's claims against Dusenbery—concluding that "Plaintiff's allegations arguably suffice to state an Eighth Amendment and/or retaliation claim against Dusenbery." (ECF No. 9 at PageID.15.) The magistrate judge did not specifically address Plaintiff's alleged retaliation claim; however, the fact that Dusenbery lacked personal involvement applies to the retaliation claim. *See Alexander v. Huss*, No. 2:16-CV-209, 2018 WL 3203607, at *4 (W.D. Mich. May 29, 2018) (recommending that the Court grant summary judgment on a retaliation claim for lack of personal involvement when the alleged adverse act involved refusing to view security video and denying a grievance). Furthermore, the Court finds that the alleged adverse acts of (1) saying "I caution you. Be careful," (2) threatening a prisoner witness, and (3) refusing to fully investigate the grievance are too vague to amount to an adverse action. *See Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) (concluding that that the alleged threat to make the plaintiff's life a "'living hell' if he did not drop his lawsuits" was too vague to satisfy the adverse action requirement).

Objection 3: Thoma, Barnett, and Gilkie

Plaintiff objects to the magistrate judge's recommendation to grant summary judgment to Thoma, Barnett, and Gilkie on the retaliation claims based on the confiscation of Plaintiff's typewriter. The magistrate judge found that Defendants had "shown that the typewriter was temporarily confiscated to perform an investigation into its ownership history pursuant to MDOC Policy Directives; that the typewriter appeared to have an altered prisoner identification number ('the inmate number appears to be sanded off and [plaintiff's] number placed over the area'); and, that plaintiff did not prove ownership." (ECF No. 153 at PageID.951) (alterations in original). "Based on this record," the magistrate judge concluded that "defendants have demonstrated that they would have taken the same action absent the filing of a grievance." (ECF No. 153 at PageID.951.) The Court agrees with the magistrate judge's analysis. Despite Plaintiff's evidence that Thoma may have had a retaliatory motive, Plaintiff has failed to show that "the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, — U.S. —, 139 S. Ct. 1715, 1722 (2019).

Objection 4: Lincoln

Although it is not entirely clear, Plaintiff appears to object to the magistrate judge's recommendation to dismiss the claims against Defendant Lincoln based on the February 6th incident for failure to exhaust. As the magistrate judge noted, Plaintiff admitted in his complaint that he did not file a grievance on this incident. After Defendants moved for summary judgment for failure to exhaust, Plaintiff did not address this issue in his response brief. Because Plaintiff did not argue that he exhausted this claim before the magistrate judge, the Court will not entertain Plaintiff's argument for the first time now. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000).

Plaintiff objects to the magistrate judge's recommendation to dismiss the retaliation claim against Lincoln based on the February 12th incident. The magistrate judge determined that Plaintiff had filed only one grievance at the time of the incident and that there was no evidence to conclude that the grievance had anything to do with Lincoln's conduct. In his objection, Plaintiff claims that he was engaged in three different instances of protected conduct before the February 12th incident: (1) the grievance filed against Defendant Thoma on January 31st, (2) the grievance he threatened to file against Defendant Lincoln on February 6th, and (3) the grievance filed against Defendant Gilkie and Barnett on February 8th. Even considering Plaintiff's additional protected conduct, there is no evidence in the record to suggest that Lincoln's adverse act of challenging Plaintiff to fight had anything to do with Plaintiff filing grievances. As Plaintiff alleges, Lincoln was already stalking and assaulting Plaintiff as early as February 6th. And, as the magistrate judge stated, "[t]he Court does not accept the proposition that a prisoner can file a grievance and then claim that everything that happens to him in the prison after that date is retaliation." (ECF No. 153 at PageID.955 (citing *Spies v. Voinovich*, 48 F. App'x 520, 524-25 (6th Cir. 2002)).

Although the magistrate judge recommended that the claims based on the February 12th alleged assault and the March 15th alleged assault proceed to trial, Plaintiff argues that the magistrate judge "erred in ignoring, disregarding and/or failing to address" the retaliation claims. (ECF No. 159 at PageID.981.) The Court's screening Opinion did not specify Plaintiff's claims against Lincoln. Because Defendants did not address whether these assaults were done in retaliation of Plaintiff's grievances, these claims remain in the case.

Objection 5: Gilkie

Plaintiff objects to the magistrate judge's recommendation to dismiss the claims against Gilkie based on the February 12th incident. The magistrate judge found that Gilkie did not have

the requisite personal involvement because when Plaintiff told Gilkie of Lincoln's conduct on February 12th, Gilke responded that Plaintiff should file a grievance. Telling a person to file a grievance does not amount to a constitutional violation. *See Shehee*, 199 F.3d at 300 ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act.").

Plaintiff also argues that the magistrate judge did not address the retaliation and failure to protect claims based on the March 15th incident. In his complaint, Plaintiff alleges that he told Gilkie about Smith "mean mugging" him, and Gilkie responded that "he would deal with it, because 'Smith [wa]s not supposed to be in B-unit.'" (ECF No. 1 at PageID.22.) Later that night, Smith summoned Plaintiff out of his cell, and Lincoln assaulted Plaintiff. These claims were not adequately addressed in the screening Opinion. There is nothing in Plaintiff's allegations to suggest Gilkie was retaliating against Plaintiff. Furthermore, the Court finds that Plaintiff's allegations fail to state a failure to protect claim against Gilkie. Plaintiff alleged only that he told Gilkie about Smith "mean mugging" him. In the Court's view, Plaintiff's sole allegation fails to state a failure to protect claim because Gilkie was not deliberately indifferent to a substantial risk of serious harm to Plaintiff. *See Amick v. Ohio Dep't of Rehab & Corr.*, 521 F. App'x 354, 361 (6th Cir. 2013) ("The objective component is satisfied by allegations that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm.").

Objection 6: Smith

Plaintiff objects to the magistrate judge's recommendation to dismiss the claims against Smith. There are two incidents at issue. The first incident occurred on February 27th. Plaintiff alleges that Smith followed him into his housing unit, unlocked his cell door, threatened him, and "forcibly took charge of his personal television." (ECF No. 1 at PageID.20-21.) After considering

7

a grievance response and the unit log book, the magistrate judge found there was no factual basis to support Plaintiff's claim because Smith was not assigned to that housing unit and did not have keys to access that housing unit on February 27th. In making this determination, the magistrate judge did not adequately consider Plaintiff's verified complaint and the declaration of two prisoner witnesses that support Plaintiff's version of events. Therefore, the Court finds that a genuine issue of material fact exists.

The second incident occurred on March 15th. Plaintiff objects to the magistrate judge's recommendation to dismiss Smith from this case because the R & R did not address the claims based on the March 15th incident. The Court agrees that Defendants did not move for summary judgment on this claim and the magistrate judge did not address it. Therefore, the Court finds that this claim is still in this case.

### III.     Plaintiff's Request for Preliminary Injunction and Restraining Order

Plaintiff has also filed a motion requesting a preliminary injunction and restraining order "against further unlawful retaliation and other arbitrary and capricious conduct of employees of the Michigan Department of Corrections." (ECF No. 145 at PageID.889.) Injunctive relief is an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The decision whether to grant injunctive relief lies within the court's discretion. *Dana Corp v. Celotex Asbestos Settlement Tr.*, 251 F.3d 1107, 1118 (6th Cir. 2001).

In exercising that discretion, the court must examine several factors: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not

prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

In support of his request for injunctive relief, Plaintiff argues that he has been subjected to various acts of retaliation after obtaining relief in a separate case. Plaintiff alleges that prison officials have interfered with his legal mail and transferred him to an undesirable correctional facility. Plaintiff has failed to establish that he is likely to prevail on any claim referenced in his motion or that he will suffer irreparable injury in the absence of injunctive relief. Furthermore, Plaintiff's allegations do not appear to be associated with this case and he is capable of filing another lawsuit asserting his new claims. Finally, the public interest is not served by interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). In sum, consideration of the relevant factors weighs against Plaintiff's motion.

## CONCLUSION

**Accordingly, IT IS HEREBY ORDERED** that Plaintiff's Motion to Correct (ECF No. 161) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Preliminary Injunction and Restraining Order (ECF No. 145) is **DENIED**.

**IT IS FURTHER ORDERED** that the March 6, 2020, Report and Recommendation (ECF No. 153) is **GRANTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 133) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to (1) the federal claims against Defendants Meagher, Rykse, Thoma, and Barnett; (2) the claims

against Defendant Dusenbery based on the February 14th incident; (3) the claims against Defendant Gilkie based on the confiscation of the typewriter, the February 12th incident, and the March 15th incident; and (4) the claims against Defendant Lincoln based on the February 6th incident and the February 12th incident. These claims are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Defendants Meagher, Rykse, Thoma, and Barnett are **dismissed without prejudice** pursuant to 28 U.S.C. § 1367. Therefore, Defendants Meagher, Rykse, Thoma, and Barnett are **dismissed** from this case.

This case will proceed to trial on the following claims:

(1) <u>Retaliation; Eighth Amendment; and Assault & Battery claims</u>: Lincoln assaulting Plaintiff on February 14th;

(2) <u>Retaliation claim</u>: Smith threatening Plaintiff and taking his television on February 27th;

(3) <u>Retaliation; Eighth Amendment; and Assault & Battery claims</u>: Lincoln and Smith assaulting Plaintiff on March 15th;

(4) <u>Retaliation claim</u>: Dusenbery refusing to process Plaintiff's "emergency" grievance related to the March 15th incident;

(5) <u>Retaliation claim</u>: Gilkie refusing to process Plaintiff's "emergency" grievance on March 19th; and

(6) <u>Intentional Infliction of Emotional Distress claims</u>.

**IT IS SO ORDERED**.

Dated:  September 28, 2020              /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE